# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF VIRGINIA

(Alexandria Division)

| | |
|---|---|
| **Erik B. Cherdak**<br>149 Thurgood Street<br>Gaithersburg, Maryland 20878<br><br>*Plaintiff,*<br><br>*v.*<br><br>**ASCENA RETAIL GROUP, INC.**<br>a.k.a.  The Dress Barn Inc.<br>/dba/ JUSTICE (a.k.a. Tween Brands, Inc.)<br>30 Dunnigan Drive<br>Suffern, New York 10901<br><br>-and-<br><br>**BCNY International**<br>25 Newbridge Road, Suite 405<br>Hicksville, NY 11801<br><br>*Defendants.* | **Case No. 1:11-cv-353 LO/JFA**<br><br>PLAINTIFF'S FIRST<br>AMENDED COMPLAINT<br>FOR PATENT<br>INFRINGEMENT<br><br>JURY TRIAL DEMANDED |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff Erik B. Cherdak (hereinafter "Plaintiff" or "Cherdak"), by and through undersigned counsel, submits this Amended Complaint against Defendant, ASCENA RETAIL GROUP, INC., and states as follows:

## PROCEDURAL BACKGROUND

On April 7, 2011, Plaintiff, by and through undersigned counsel, filed an Original Complaint against ASCENA RETAIL GROUP, INC. alleging one (1) count of Patent Infringement. (ECF 1).  The Original Complaint was neither served on Defendant ASCENA or in any way responded to by Defendant ASCENA.  Accordingly, and

pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, Plaintiff submits this First Amended Complaint to replace the Original Complaint and to name an additional party (Defendant BCNY International) after learning of that party's concerted involvement in the willful infringement of Plaintiff's patent rights. It is this First Amended Complaint that will be served upon Defendants and for which Plaintiff seeks redress.

## THE PARTIES

1. Plaintiff is an individual who resides in Gaithersburg, Maryland at the address listed in the caption of this Complaint.

2. On information and belief Defendant ASCENA RETAIL GROUP, INC. is a Connecticut corporation having a principal place of business as specified in the caption of this Complaint.

3. On information and belief Defendant ASCENA is a newly formed entity which previously was a publicly traded company bearing the name The Dress Barn, Inc. The Dress Barn, Inc. previously owned and operated the JUSTICE brand and retail outlets. It is believed that Defendant ASCENA owns and operates a wholly owned subsidiary including, but not limited to, the JUSTICE™ stores and corresponding website at www.shopjustice.com. For purposes of this Amended Complaint, the named defendant and the real-party-in-interest shall be referred to as "ASCENA," in accordance with The Dress Barn, Inc.'s most recent U.S. Security and Exchange Commission Form 10K/A filing.

4. On information and belief, Defendant BCNY International is an entity from which Defendant ASCENA has acquired a substantial amount of infringing products. On further information and belief, Defendant BCNY is a New York corporation having a principal place of business located at the address specified in the caption of this Complaint.

2

## JURISDICTION AND VENUE

5.   This is an action for Patent Infringement under the Laws of the United States of America and, in particular, under Title 35 United States Code (Patents – 35 USC § 1, *et seq*. (The "U.S. Patent Act")).  Accordingly, Jurisdiction and Venue are properly based under Sections 1338(a), 1391(b) and (c), and/or 1400(b) of Title 28 of the United States Code.

6.   Defendant ASCENA sells infringing lighted shoe products through its own retail stores including those retail stores located in this judicial district and is therefore subject to this court's jurisdiction.  On information and belief, Defendant ASCENA, owns and operates many JUSTICE retail stores like and/or similar to JUSTICE Store No. 877 located at FAIR OAKS MALL, 11903 Fair Oaks Mall, in Fairfax, Virginia, USA. Additionally, Defendant ASCENA operates its wholly-owned retail website at www.shopjustice.com, which Defendant has made accessible to citizens of Virginia, USA 24 hours per day, 7 days per week and 365 days per year.

7.   Defendant BCNY supplies some, if not all, of the infringing products to Defendant ASCENA which are the subject of this lawsuit.  On information and belief, Defendant BCNY sells and sources infringing products to Defendant with the express understanding that Defendant ASCENA will place such products in interstate commerce throughout the entire U.S. and its territories and, in particular, in this jurisdiction of Virginia, USA.

## FACTS

8.   On July 6, 1993, Plaintiff filed a patent application entitled "Athletic Shoe with Timing Device" that resulted in the issuance of the '445 patent on August 30, 1994 (hereinafter the "Cherdak Patent"). The Cherdak patent is directed, *inter alia*, to shoe

products incorporating transmission facilities to transmit data related to activities to other devices, to lighted shoe products like those sold by the Defendants, etc. The Cherdak patent successfully has gone through additional expert review before the USPTO during reexamination proceedings related to the same (USPTO Reexamination Proceeding Control No. 90/008,269). Those reexamination proceedings resulted, *inter alia*, in the confirmation of many claims without amendment; many of said claims form the basis of the instant lawsuit. Copies of the Cherdak patent and its corresponding reexamination have already been provided to Defendant by way of Plaintiff's Original Complaint. See attachments to Original Complaint at ECF 1. Cherdak is the sole owner of the '445 patent and the only person entitled to sue and seek redress including, but not limited to, damages and injunctive relief in accordance with the U.S. Patent Act, 35 USC § 1, *et seq*.

9.      Claim 22 of the '445 patent, per confirmation upon USPTO reexamination, reads as follows:

> 22. In an athletic shoe having an upper member secured to a sole member, the sole member having a heel portion with a cavity in which circuitry is housed, apparatus for indicating the time that the athletic shoe is off the ground and in the air during a jump by a person wearing the athletic shoe, said apparatus comprising:
> a pressure responsive switch producing a signal when said athletic shoe is off the ground and in the air, said switch being disposed in the sole member of said athletic shoe;
> a plurality of light emitting diodes (LEDs) disposed on the athletic shoe, said plurality of light emitting diodes (LEDs) emitting light during the period of time when the athletic shoe is off the ground and in the air during said jump to provide a visual indication of the amount of time that the athletic shoe is off the ground and in the air;
> a controller disposed in the sole member of the athletic shoe and connected to said switch and to said plurality of light emitting diodes (LEDs), wherein said controller is responsive to said signal to cause said plurality of light emitting diodes (LEDs) to emit said light during said period of time that said athletic shoe is off the ground and in the air; and
> a power source connected to said switch, to said plurality of light emitting diodes (LEDs) and to said controller, said power source disposed in the sole member of said athletic shoe.

10.     Defendant ASCENA has in the past used, imported, distributed, sold and offered for sale, and continues to use, import, distribute, sell and offer for sale, infringing shoes such as those bearing the JUSTICE™ brand trademark. Infringing shoes sold by

Defendants as late as March 22, 2011, include, *but are not limited to*, JUSTICE™ branded light up low-top sneakers bearing SKU No. 12098181 and having a retail selling price of $36.90 per pair. That JUSTICE™ branded lighted shoe product sold by Defendant ASCENA (through its JUSTICE STORES and corresponding online channels) which is sourced from Defendant BCNY and is shown as follows:



11.     The infringing lighted shoe products mentioned in this First Amended Complaint may not constitute a full and complete identification of all infringing shoes which are contemplated by this Complaint for Patent Infringement and the instant lawsuit commenced hereby. Defendants sells their product(s) on a national level and may sell and otherwise distribute different and additional lighted shoe and other infringing products in different geographical regions throughout the U.S. and its territories – *Due discovery in this case will reveal all infringing shoes used, made, imported, offered for sale, and/or sold by the Defendants individually and/or collectively with and/or through other parties.*

12.     **DEFENDANT ASCENA RETAIL GROUP, INC. AND DEFENDANT BCNY INTERNATIONAL IS HEREBY ADVISED THAT THE PLAINTIFF, THE INSTANT LAWSUIT AND THIS COMPLAINT DO NOT SEEK REMEDIES IN CONNECTION WITH ANY ACTS OF PATENT INFRINGEMENT BY**

**DEFENDANT RELATED TO LIGHTED SHOE PRODUCTS WHICH ARE MANUFACTURED BY AND/OR WHICH ARE SOURCED TO (SUPPLIED TO) DEFENDANT FROM ANY OF THE FOLLOWING PARTIES:**

COLLECTIVE BRANDS, INC. (/dba/ PAYLESS, INC.)
BBC INTERNATIONAL, INC.
ACI INTERNATIONAL, INC.
STRIDE-RITE CORPORATION
ESO ORIGINALS, INC.
VIDA SHOES INTERNATIONAL, INC.
CHAMELEON, INC.
SKECHERS USA INC.
THE WALT DISNEY COMPANY
ELAN-POLO, INC.
PUMA NORTH AMERICA, INC.
DINOSOLES (A.K.A. SCULPTED FOOTWEAR)
GEOX S.p.A.
ACI INTERNATIONAL, INC.

## COUNT I – PATENT INFRINGEMENT

Paragraphs 1 through 12 are hereby incorporated by reference as though completely set forth herein.

13. Given the validity and corresponding enforceability of the Cherdak patent (U.S. Patent No. 5,343,445) against past, present, and future infringing acts and other activities prohibited under the U.S. Patent Act (35 USC § 1, *et seq*.), Plaintiff Cherdak, *inter alia*, owns and possesses the right to pursue claims in connection with the Defendants past, present, and future design, use, manufacture, importation, sale, offer for sale, and distribution of infringing shoes under 35 USC § 271(a), (b), and (c).

14. On information and belief Defendants, either alone and/or in concert with each other, have infringed, contributed to the infringement of, and/or induced the infringement of the Cherdak patent in violation of 35 USC § 271(a), (b), and (c) by its design, use,

manufacture, importation, distribution, sale, and offer for sale of shoes including, **but not limited to**, the lighted shoe products identified in paragraph 10, *supra*.

15. At a minimum, a pre-filing investigation of the accused products reveals lighted shoes including, but not limited to, an upper member and a sole member and other component parts arranged as covered by at least claim 22 of the '445 patent. For example, within such shoes there are electronic components which include, but are not limited to, a power source, a pressure responsive switch responding to pressures imparted to the shoes during an activity similar or like a jump, a set of typically three light emitting diodes (LEDs), and a controller configured to control the illumination states of the LEDs. LED blinks – like sands in an hourglass, clock-ticks, the automatic movement of a sweep second-hand of a wristwatch, or continuous counting of the passage of time by an automatic or digital stop-watch – provide an indication of the passage of time occurring, for example, during an activity like (or similar to) a jump including, but not limited to, a running sequence involving a series of jumps.

16. The lighted shoes mentioned herein infringe at least claim 22 of the '445 patent either literally or under the Doctrine of Equivalents.

17. On information and belief, Defendant BCNY has already supplied hundreds of thousands of pairs of infringing lighted shoe products to Defendant ASCENA (and possibly others) in the first 6 months of 2011, alone.

18. On information and belief, Defendants, alone and/or in concert with each other, have infringed the Cherdak patent in violation of 35 USC § 271(b) by actively inducing distributors, customers, and/or other retailers to infringe the Cherdak patent.

19. Such infringing acts on the part of Defendants, either alone and/or in concert with each other, have and continue to injure and damage Plaintiff. Accordingly, without the

grant of adequate remedies at law and in equity, Defendant will be permitted to willfully infringe the Cherdak patents to Plaintiff's further detriment.

## COUNT II – WILLFUL PATENT INFRINGEMENT

Paragraphs 1 through 19 are hereby incorporated by reference as though completely set forth herein.

20. Defendants have had actual knowledge of the patents in suit since at least as early as April 2011. As such, Defendants have deliberately and willfully chosen to ignore Plaintiff's valid patent rights simply to reap greater profits by selling lighted footwear with completely subjective wanton and reckless disregard for the valid patent rights of the Plaintiff.

21. Defendants' design, use, manufacture, importation, distribution, sale, and/or offer for sale of lighted shoe products are acts of direct patent infringement of the patent-in-suit and have and continue to be done with knowing and wanton and/or reckless disregard for the valid patent rights of the plaintiff.

22. On information and belief, Defendant BCNY has already supplied hundreds of thousands of pairs of infringing lighted shoe products to Defendant ASCENA (and possibly others) in the first 6 months of 2011, alone.

23. On information and belief Defendants, either alone and/or in concert with each other) have willfully infringed, contributed to the infringement of, and/or induced the infringement of at least claim 22 of the '445 patent (as confirmed during reexamination) in violation of 35 USC § 271(a), (b), and (c) by their respective efforts to design, use, manufacture, import, distribute, sell, and/or offer for sale shoes including, **but not limited to,** the shoes identified herein. Such willful infringement includes, but is not

limited to, infringement of at least claim 22 of the '445 patent either literally or under the Doctrine of Equivalents.

24. Such infringing acts on the part of Defendants have and continue to injure and damage Plaintiff. Accordingly, without the grant of adequate remedies at law and/or in equity, Defendants will be permitted to continue willfully infringe the '445 patent to Plaintiff's further detriment.

25. Because of Defendants' subjectively willful infringement of the patent-in-suit, Plaintiff hereby requests that this Court treat this case as one justifying a trebling of damages, to be determined by the Court.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Cherdak prays for judgment and relief against the Defendants as follows:

  A.  That permanent injunctions be issued against Defendants for their respective efforts including, but not limited to, their respective efforts to continue their infringement of the '445 patent by Defendants and their parents, subsidiaries, officers, directors, employees, affiliates, representatives and agents, and all those acting in concert with or through Defendants, directly or indirectly, including, but not limited to, distributors, customers, and other retailers;

  B.  That an accounting be had for damages caused to Plaintiff Cherdak by Defendants' respective acts in violation of the U.S. Patent Act (35 USC § 1, *et seq*.) together with pre-judgment and post-judgment interest;

  C.  That damages be awarded in accordance with the U.S. Patent Act, 35 USC § 1, *et seq*., and in no event less than a reasonable royalty to be affixed by

9

    the Court after due and careful consideration of evidence related to such damages;

D. That any damages awarded in accordance with any prayer for relief be enhanced and, in particular, trebled in accordance with the U.S. Patent Act (35 USC § 1, *et seq*.) for Defendants' respective acts which are found to be willful acts of patent infringement; and

E. Such other and further relief as this Court shall deem just and proper.

## **DEMAND FOR TRIAL BY JURY**

  The Plaintiff hereby demands a TRIAL BY JURY on all issues so trialable.

           Respectfully submitted,

           */S/ Daniel S. Ward*
           Daniel S. Ward VSB 45978
           Ward & Ward PLLC
           2020 N Street, NW
           Washington, DC 20036
           (202) 331-8160
           FAX (202) 503-1455
           EMAIL dan@wardlawdc.com

           ATTORNEY FOR PLAINTIFF
            ERIK B. CHERDAK

July 5, 2011